DECISION
The petitioner, Leonel Ferreira, in his application for post-conviction relief complains he was denied effective assistance of counsel to which he was entitled. Specifically, he complains that when he entered his plea of nolo contendere to a reduced charge of possession of a controlled substance and was placed on probation for one year, his retained lawyer failed to advise him that because he was not in this country for at least seven years he would, in fact, be deported. Had he known of that consequence, he would not, he testified, entered such a plea. In support of his application the petitioner called two witnesses: he and his retained counsel Mark Laroche. Mr. Laroche testified, in essence, that he was engaged to represent the petitioner upon his arrest for the unlawful delivery of controlled substances. He was also advised that the petitioner was an alleged violator of a previously imposed sentence of probation for the crime of domestic abuse and was facing a jail sentence if, in fact, found to be a violator. In addition, counsel was aware that federal officers were also interested in possibly filing criminal charges against the petitioner for using the U.S. mail to obtain the unlawful drugs. He further testified he met with the petitioner four or five times and spoke to Detective Almeida of the Bristol Police about a possible disposition of all matters without the imposition of a jail sentence. He further testified he did discuss with the petitioner that he would have immigration problems if he pleaded even to a misdemeanor and that the petitioner should bolster his image in the community to respond to any effort of Immigration to deport him. He testified he did review the law about the consequences of a plea but never did tell the petitioner he would indeed be deported because he did not have the requisite seven years in the United States. He acknowledged that he was told by the petitioner that his doctor, Dr. Bruno in Portugal, prescribed the drugs which formed the basis of the criminal charge. However, when he asked three times for the original letter, the petitioner failed to provide same. He further testified that when he met with the petitioner and his family, before entering the nolo plea, he told them he needed sworn testimony to support his defense that the drugs were lawfully prescribed, but was told "I don't think we can get the doctor."
Based on the fact the petitioner faced a charge of unlawful delivery of a controlled substance for which the benchmarks adopted by the Superior Court recommended a jail sentence of four to eighteen months and the fact the defendant could be sentenced to one year for being a violator of the conditions of his probation and the fact he was facing possible federal charges on the unlawful use of the mails, and based on the fact there was no witness available, other than the defendant, to testify as to the drugs being legally prescribed by a foreign doctor, counsel recommended to the petitioner to plead to a reduced charge with no jail time; a rather favorable disposition in the circumstances of this case.
The petitioner testified he was not aware, nor was he advised by counsel, of the risk of deportation. Because of his inability to read, understand and speak the English language, the petitioner at trial was assisted by an interpreter. I reference the assistance because it does appear there might have been a communication problem earlier with the petitioner and his retained counsel. I do not believe the petitioner when he denied being told of the possibility of deportation. Indeed, I find Mr. Laroche's testimony more persuasive and more credible on this issue.
Counsel for the state, in opposing the application for post conviction relief, argues the recent decisions of the Rhode Island Supreme Court. State v. Figueroa and State v. Tavarez
are dispositive. Specifically, the State argues that a defendant need only be made aware of the direct consequences of his plea for it to be valid. The possibility of deportation is only a collateral consequence.
The record indicates that the trial justice properly advise the defendant of the direct consequence of his plea and I find the plea was voluntarily and intelligently entered.
When analyzing a claim of ineffective assistance of counsel when a plea of nolo contendere or guilty has been voluntarily and intelligently offered, the defendant must demonstrate by a fair preponderance of the evidence there is a reasonable probability that, but for counsel's error, he would not have entered a plea and would have insisted on a trial. In addition, the defendant must show the outcome of his case would have been different had he been aware of the likely deportation consequence of the plea (State v. Figueroa). In the circumstances of this case, I find that counsel did advise the petitioner of probable immigration problems and, with that knowledge, the petitioner entered his plea voluntarily. Further, I find that the inability to have medical testimony to support his defense makes it highly improbable the outcome of the case would have been different if the case proceeded to trial. Counsel's advice under the circumstances presented is not so deficient to render his assistance inadequate nor ineffective. The petitioner has failed to sustain his burden.
I recognize the consequences of an adverse decision to the petitioner might be serious and harsh. However, I am being asked to decide if counsel's representation was deficient. Based on the evidence presented and based on my finding of credibility in favor of counsel and not of the petitioner, I am compelled to deny the application.
Counsel for the State is instructed to prepare and submit an Order consistent with this decision.